**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

J. KATE STICKLES
JUDGE



824 NORTH MARKET STREET
WILMINGTON, DELAWARE
302-252-3820

April 6, 2026

**VIA CM/ECF**

David R. Hurst, Esquire
McDermott Will & Schulte LLP
1000 N. West Street, Suite 1400
Wilmington, DE 19801

Jason M. Madron, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

James Pardo, Esquire
McDermott Will & Schulte LLP
One Vanderbilt Avenue
New York, NY 10017-3852

Gary S. Lee, Esquire
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019

RE:   **In re Prime Core Technologies Inc., et al., Del. Bankr. Case No. 23-11161 (JKS)**
**PCT Litigation Trust v. Enigma Securities, Ltd., et al., Adv. Pro. No. 25-52370 (JKS)**
**Related to Adv. D.I. 48, 49, 51, 52, 55, and 56**

Dear Counsel:

The Court is in receipt of Defendants Enigma Securities, Ltd.'s ("Enigma") and Makor Securities London Ltd.'s ("Makor") Motion to Stay Discovery (Adv. D.I. 48-49[1]) ("Motion to Stay Discovery"), which has been fully briefed and is ripe for disposition.[2]  Adv. D.I. 56.  Following is the Court's ruling on the Motion to Stay Discovery.

---

[1]  Citations to D.I. __ reference the docket in the lead bankruptcy case, *In re Prime Core Technologies Inc.*, Case No. 23-11161.  Citations to Adv. D.I. __ reference the docket in this adversary proceeding, *PCT Litigation Trust v. Enigma Securities, Ltd. and Makor Securities London Ltd.,* Adv. Pro. No. 25-52370.

[2]  The defendants filed a Request for Oral Argument (Adv. D.I. 55).  This Court did not hear oral argument because the facts and legal arguments are adequately presented in the briefs, and the decisional process would not be significantly aided by oral argument.

*PCT Litigation Trust v. Enigma Sec., Ltd., et al.*
Adv. Pro. No. 25-52370 (JKS)
April 6, 2026
Page 2

By way of background, on October 10, 2025, PCT Litigation Trust ("PCT") filed a complaint against defendants. On January 16, 2026, the defendants filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(2), (6), and (7), for lack of personal jurisdiction over Makor, for failure to state a claim with respect to the defendants, and for failure to join the End-Users as a necessary party (the "Motion to Dismiss"). Adv. D.I. 28-29. Thereafter, the defendants filed their Motion to Stay Discovery.

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). The adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

Federal Rule 26(c), made applicable by Bankruptcy Rule 7026, provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."[3] The Court has broad discretion to decide stay requests.[4] "Courts typically rely on three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage."[5] Here, the factors weigh against a stay of discovery as to Enigma and for a partial stay of discovery as to Makor.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[6] "[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court."[7] "A stay of discovery is

---

[3] Fed. R. Civ. P. 26, made applicable to these proceedings by Fed. R. Bankr. P. 7026.

[4] *Elfar v. Twp. of Holmdel*, No. 24-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025) ("District courts retain broad discretion to manage the docket and resolve discovery disputes."). *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court.").

[5] *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 576–77 (Bankr. D. Del. 2025) (citations and footnotes omitted).

[6] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936) (citations omitted).

[7] *In re Fine Paper Antitrust Litig.*, 685 F.2d at 817 (citations omitted). The Third Circuit "will not upset a district court's conduct of discovery procedures absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible." *Id.* at 818 (citations omitted; cleaned-up).

*PCT Litigation Trust v. Enigma Sec., Ltd., et al.*
Adv. Pro. No. 25-52370 (JKS)
April 6, 2026
Page 3

not appropriate *solely* because a motion to dismiss is pending."[8]  A "court may enter a protective order staying discovery when a motion to dismiss for failure to state a claim on which relief may be granted is pending if the district court is convinced that the plaintiff will be unable to state a claim for relief."[9]  "Rule 26(c) places the burden of persuasion on the party seeking the protective order.  To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."[10]

As to prongs one and two, this adversary proceeding is in its infancy – no trial date has been set.  On the one hand, a stay of discovery could arguably impede progress and delay ultimate adjudication of the adversary proceeding; thus, weighing against a stay.  On the other hand, a ruling on the Motion to Dismiss may simplify issues for trial or obviate the need for trial.  The Court need not evaluate the legal merits of the Motion to Dismiss.[11]  The movant must meet a "high bar" for a stay motion to be successful; in other words, a stay is only warranted "when the defendant makes a clear and convincing showing that the motion to dismiss will likely be granted."[12]  It is enough to "take known factors (e.g., the scope of the motion as it relates to the claims and issues in the cases) and assess how they might weigh in favor or against simplification."[13]  Simplifying the issues at this early stage in the adversary proceeding weighs in favor of a stay; however, the defendants did not meet the "high bar" of a clear and convincing showing that the Motion to Dismiss will likely be granted.[14]  Thus, prong one weighs against a stay and prong two, due to early stages of the adversary proceeding, weighs in favor of a stay.

---

[8] *Pennsylvania v. Navient Corp.*, 348 F. Supp. 3d 394, 401 (M.D. Pa. 2018) (emphasis added; citations omitted). *See also Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019) (holding that "the mere filing of a motion to dismiss does not stay discovery.").

[9] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citations omitted; cleaned-up).

[10] *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (citations omitted).

[11] *Ainger v. Great Am. Assurance Co.*, No. 1:20-CV-00005-WAL-EAH, 2022 WL 3139079, at *6 (D.V.I. Aug. 4, 2022) (collecting cases) ("In numerous districts, magistrate judges have adopted a 'preliminary peek' approach in deciding whether to stay a case pending resolution of a dispositive motion.").

[12] *Ainger*, No. 1:20-CV-00005-WAL-EAH, 2022 WL 3139079 at *7 (footnote omitted; citations omitted; cleaned-up).

[13] *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 577 (Bankr. D. Del. 2025).

[14] *Ainger*, No. 1:20-CV-00005-WAL-EAH, 2022 WL 3139079 at *6; *Elfar*, No. 24-1353, 2025 WL 671112 at *5 (holding that "[c]ourts may reasonably stay discovery pending a motion to dismiss where the motion may render discovery futile.").

*PCT Litigation Trust v. Enigma Sec., Ltd., et al.*
Adv. Pro. No. 25-52370 (JKS)
April 6, 2026
Page 4

With respect to the third prong, whether a stay prejudices the non-movant or allows movant a clear tactical advantage, the defendants assert that a stay of discovery would not prejudice PCT because litigation is in its early stages and PCT's ability to prosecute its claims will not be jeopardized. "Given the extensive briefing on defendants' motion and the expected time it will take for the motion to be decided, the case will be in suspense for months if defendants' request is granted. Having filed their complaint plaintiffs have a right to move forward."[15]

Additionally, the defendants assert that it should not have to incur the substantial burden and expense of discovery in a "meritless case." Significant legal and accounting expenses are "not a proper basis" for a stay of discovery.[16] As to Enigma, the third prong weighs against staying discovery.

Application of the third prong differs as to Makor given its challenge to personal jurisdiction. When confronted with a personal jurisdiction dispute, "the equities tilt in favor of the [d]efendants."[17] "When personal jurisdiction is at issue, it must be settled before reaching the merits of the case."[18] "[A] defendant waives its personal jurisdiction defense if submissions, appearances and filings give the plaintiff a reasonable expectation that the defendant will defend the suit on the merits or cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking."[19]

"[P]arties have a right not to litigate in a forum where the Court lacks personal jurisdiction over them and until that determination is made, full discovery undermines due process considerations."[20] Accordingly, the third factor weighs in favor of a stay as to Makor.

---

[15] *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019) (citations omitted).

[16] *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 262 (D. Del. 1992).

[17] *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 577 (Bankr. D. Del. 2025) (citations and footnotes omitted). *See also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980) (personal jurisdiction is meant to "protect[ ] the defendant against the burdens of litigating in a distant or inconvenient forum."); *William Powell Co. v. Aviva Ins. Ltd.*, No. 21-cv-522, 2023 WL 5162654, at *7 & n.14 (S.D. Ohio Aug. 11, 2023) (explaining it would be "wasteful" to require full discovery participation by foreign defendant when, if motion to dismiss for lack of personal jurisdiction were granted, defendant could not be compelled to respond); *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 13-cv-1261, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014) (cautioning against broad jurisdictional discovery, explaining that " 'courts must ensure that jurisdictional discovery does not undermine the due process considerations that personal jurisdiction is designed to protect.' " (quoting *In re Porsche Cars N. Am., Inc.*, No. 11-md-2233, 2012 WL 4361430, at *2 (S.D. Ohio Sept. 25, 2012)).

[18] *Innovation Ventures, LLC v. Custom Nutrition Lab'ys, LLC*, 912 F.3d 316, 332 (6th Cir. 2018) (citations omitted).

[19] *Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 648 (6th Cir. 2016) (citations omitted; cleaned-up).

[20] *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 577–78 (Bankr. D. Del. 2025) (citations and footnotes omitted).

*PCT Litigation Trust v. Enigma Sec., Ltd., et al.*
Adv. Pro. No. 25-52370 (JKS)
April 6, 2026
Page 5


For the reasons set forth above, as to Enigma, the Court will not stay discovery until the Motion to Dismiss is decided.  As to Makor, the Court will stay discovery until the Motion to Dismiss is decided.  Notwithstanding, the Court will permit limited discovery on personal jurisdiction issues, as appropriate.[21]  An order will follow.

Very truly yours,

J. Kate Stickles
United States Bankruptcy Judge

---

[21] *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citations omitted; cleaned-up) ("Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous."); *Marchionda v. Embassy Suites, Inc.*, 122 F. Supp.3d 208 (D.N.J. 2015) (citations omitted) (District courts are directed to permit jurisdictional discovery, on issue of personal jurisdiction, unless the plaintiff's jurisdictional claims appear clearly frivolous.).